AO 245D    (Rev. 11/16 - VAW Additions 05/17) Judgment in a Criminal Case for Revocations
Sheet 1

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUL 12 2017

JULIA C. DUDLEY, CLERK
BY: /s/ J. Clark
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## Western District of Virginia

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For **Revocation** of Probation or Supervised Release) |
| MICKEY WORLEY | Case Number: DVAW110CR000055-001 |
| | Case Number: |
| | USM Number: 15823-084 |
| | Nancy Dickenson, AFPD |
| | Defendant's Attorney |

**THE DEFENDANT:**

[X] admitted guilt to violation of condition(s)   Mandatory, Standard and Special   of the term of supervision.

[ ] was found in violation of condition(s) count(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| (1) Mandatory Condition | Defendant tested positive and admitted to using methamphetamine. | 3/28/2017 |
| (2) Standard Condition #3 | Defendant failed to follow the instructions of the probation officer in regards to living arrangements. | 3/28/2017 |
| (3) Special Condition | Defendant failed to attend treatment. | 5/11/2017 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No:   9764

Defendant's Year of Birth:   1969

City and State of Defendant's Residence:

Bristol, Virginia

July 12, 2017
Date of Imposition of Judgment

/s/ James P. Jones
Signature of Judge

James P. Jones, United States District Judge
Name and Title of Judge

7/12/17
Date

AO 245D   (Rev. 11/16 - VAW Additions 05/17) Judgment in a Criminal Case for Revocations
Sheet 1 A

DEFENDANT:         MICKEY WORLEY
CASE NUMBER: DVAW110CR000055-001

Judgment-Page __2__ of __8__

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| (4) Mandatory Condition | Defendant admitted to using methamphetamine. | 5/15/2017 |

Judgment - Page  3  of  8

DEFENDANT: MICKEY WORLEY
CASE NUMBER: DVAW110CR000055-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Time Served.  This term consists of time served on each of Counts 5 and 6.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before ___ on _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 11/16 - VAW Additions 05/17) Judgment in a Criminal Case for Revocation
   Sheet 3 — Supervised Release

| | | |
|---|---|---|
| DEFENDANT: MICKEY WORLEY | | Judgment-Page __4__ of __8__ |
| CASE NUMBER: DVAW110CR000055-001 | | |

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Thirty-Four (34) months.  This term consists of 34 months on each of Counts 5 and 6, all such terms to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. ☒ You must make restitution in accordance with sections 3663 and 3663A, or any other statute authorizing a sentence of restitution. *(check if applicable)*
3. You must not unlawfully possess a controlled substance.
4. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D   (Rev. 11/16 - VAW Additions 05/17) Judgment in a Criminal Case for Revocation
Sheet 3A - Supervised Release

| DEFENDANT: | MICKEY WORLEY | Judgment-Page 5 of 8 |
|---|---|---|
| CASE NUMBER: | DVAW110CR000055-001 | |

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectation for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions or supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervision Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: MICKEY WORLEY
CASE NUMBER: DVAW110CR000055-001

Judgment-Page 6 of 8

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, the defendant:

(1) Must pay any monetary penalty that is imposed by this judgment in the manner directed by the court;

(2) Must reside in a residence free of firearms, ammunition, destructive devices, and dangerous weapons;

(3) Must submit to warrantless search and seizure of person and property by the probation officer or other law enforcement officer, whenever such officer has reasonable suspicion that the defendant is engaged in criminal activity;

(4) Must participate in a program of testing and treatment for substance abuse, as approved by the probation officer, until such time as the defendant has satisfied all requirements of the program; and

(5) Must submit to home detention for a period of three (3) months. The defendant must pay the cost of electronic monitoring on a monthly basis.

AO 245D  (Rev. 11/16 - VAW Additions 6/05) Judgment in a Criminal Case for Revocation
        Sheet 5 - Criminal Monetary Penalties

| | Judgment - Page 7 of 8 |
|---|---|
| DEFENDANT:  MICKEY WORLEY | |
| CASE NUMBER: DVAW110CR000055-001 | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ | $ 4,422.50 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Drug Enforcement Administration | | $4,422.50 | |

| TOTALS | | $0.00 | $4,422.50 | |
|---|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the  ☐ fine  ☒ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 13, 1996.

AO 245D   (Rev. 11/16 - VAW Additions 05/17) Judgment in a Criminal Case for Revocations
Sheet 6 - Schedule of Payments

DEFENDANT: MICKEY WORLEY                                     Judgment - Page  8  of  8
CASE NUMBER: DVAW110CR000055-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, the total criminal monetary penalties are due immediately and payable as follows:

A [X]  Lump sum payment of $ 200.00 immediately, balance payable
  - [ ] not later than _____, or
  - [X] in accordance  [ ] C,  [ ] D,  [ ] E,  [X] F or,  [ ] G below); or

B [ ]  Payment to begin immediately (may be combined with  [ ] C,  [ ] D,  [ ] F, or  [ ] G below); or

C [ ]  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ]  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ]  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [X]  During the term of imprisonment, payment in equal  monthly  (e.g., weekly, monthly, quarterly) installments of $  25.00 , or  50 % of the defendant's income, whichever is greater, to commence  60 days  (e.g., 30 or 60 days) after the date of this judgment; AND payment in equal  monthly  (e.g., weekly, monthly, quarterly) installments of $  100.00  during the term of supervised release, to commence  60 days  (e.g., 30 or 60 days) after release from imprisonment.

G [ ]  Special instructions regarding the payment of criminal monetary penalties:

Any installment schedule shall not preclude enforcement of the restitution or fine order by the United States under 18 U.S.C §§ 3613 and 3664(m).

Any installment schedule is subject to adjustment by the court at any time during the period of imprisonment or supervision, and the defendant shall notify the probation officer and the U.S. Attorney of any change in the defendant's economic circumstances that may affect the defendant's ability to pay.

All criminal monetary penalties shall be made payable to the Clerk, U.S. District Court, 210 Franklin Rd., Suite 540, Roanoke, Virginia 24011, for disbursement.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Any obligation to pay restitution is joint and several with other defendants, if any, against whom an order of restitution has been or will be entered.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.